UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kyle Fellers, Anthony Foote, Nicole Foote, and Eldon Rash,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Marcy Kelley, Michael Desilets, Matt Fisk, Bow School District, Philip Lamy & Steve Rossetti,<br><br>　　　　Defendant. | Case No.  1:24-cv-311-SM-AJ |

## **DEFENDANT MICHAEL DESILET'S ANSWER TO PLAINTIFFS' COMPLAINT**

## **JURY TRIAL DEMANDED**

Defendant demands a jury trial on all claims so triable.

## **ANSWER**

### THE PARTIES

1. Defendant admits that Kyle Fellers is a natural person and citizen of New Hampshire who resides in Bow and has done so at all times relevant to this Complaint. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

2. Defendant admits that Anthony Foote is a natural person and citizen of New Hampshire who resides in Bow and has done so at all times relevant to this Complaint. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

3. Defendant admits that Nicole Foote is a natural person and citizen of New Hampshire who resides in Bow and has done so at all times relevant to this Complaint. Defendant

1

lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

4. Defendant admits that Eldon Rash is a natural person and citizen of New Hampshire. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

5. Defendant admits the factual allegations contained in this paragraph.

6. Defendant admits the factual allegations contained in this paragraph.

7. Defendant admits the factual allegations contained in this paragraph.

8. Defendant admits the factual allegations contained in this paragraph.

9. Defendant admits the factual allegations contained in this paragraph.

10. Defendant admits the factual allegations contained in this paragraph.

## JURISDICTION AND VENUE

11. This paragraph is a statement of jurisdiction to which no response is required. Defendant does not contest jurisdiction.

12. This paragraph is a statement of venue to which no response is required. Defendant does not contest venue.

## STATEMENT OF FACTS

*Bow School District Policies on Speech at Extracurricular Events*

13. Defendant admits that the Bow School Board has a policy addressing public conduct on school property, which policy is attached to the Complaint speaks for itself.

14. Admitted.

15. Defendant admits that the policy contains the cited language.

16. Admitted that the Bow School District enforces the policy by several means including when necessary the one alleged.

17. Defendant admits that Bow High School has an Athletics Handbook that contains the cited language.

18. Admitted.

19. Admitted.

*The September 17 Soccer Game*

20. Admitted.

21. Defendant admits that Plaintiff Parker Tirrell was a member of the Plymouth Regional High School girls' varsity soccer team at all times relevant hereto. Defendant further admits that the two teams were scheduled to play each other at Bow High School on September 17, 2024. Defendant lacks sufficient information to admit or deny any remaining allegations of this paragraph and therefore denies same.

22. Defendant admits that on or about September 13, 2024, Ms. Foote met with Mr. Desilets in person and challenged the participation of Parker in the upcoming game. Defendant further admits that Ms. Desilets informed Ms. Foote during the discussion of the injunction issued by this Court and the School's intention to honor it.

23. Defendant admits that on September 16, 2024, Desilets emailed soccer families to remind them about the School's status as a member of the NHIAA and the commitments incumbent with such membership including those included in this paragraph.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Defendant admits that Fellers and the Footes have daughters who play on the Bow High School girls soccer team. Defendant lacks sufficient information to admit or deny the purpose behind Fellers and Mr. Foote's decision to attend the game or any agreement between them, but generally admits that the two men attended the game and wore pink wristbands adorned with handwritten messages such as " XX."

29. Defendant lacks sufficient information to admit or deny the specific nature of the wristbands that Fellers and Foote obtained or who wrote on them, but note that Foote posted on Facebook photos of a wristband with two black "X's" on it and other wristbands with the female symbol or the letters "NAD."

30. Admitted.

31. Defendant admits that the cited language appeared on Foote's Facebook post.

32. Admitted that the exhibit is a copy of a post that appeared on Foote's Facebook page.

33. Defendant lacks sufficient information to admit or deny whether Foote's and Fellers's daughters asked if their teammates wanted to wear such wristbands but admits that no member of the team did so.

*Events at the September 17 Soccer Game*

34. Defendant admits that the named Plaintiffs, plus Mr. Rash's wife, attended the September 17, 2024, soccer game, which occurred on the campus of Bow High School.

35. Defendant admits that no parent was seen wearing a wristband during the first half of the game. Defendant further admits that Mr. Foote handed wristbands to several other adults who attended the game. Defendant lacks sufficient information to admit or deny what Mr. Foote

4

told them with respect to donning the wristbands or whether they requested wristbands from him. Defendant admits the remaining allegations of this paragraph, except that Fellers did hold up a sign during and after the game.

36. Defendant admits that at half time Mr. Foote went to the parking lot and put a sign featuring Riley Gaines on his Jeep's windshield which was parked prominently facing the soccer field. Defendant further admits that Foote and Fellers also wore their wristbands marked with XX symbols at the sidelines at the beginning of the second half.

37. Admitted, except that Mr. Foote's Jeep displayed the poster noted above at this time.

38. Admitted.

39. Defendant admits the allegations of the first three sentences of this paragraph and that Fellers refused to remove his wristband. Defendant admits that Fellers used heated words during the discussion. Defendant denies all further allegations of this paragraph.

40. Defendant denies the allegations of this paragraph to the extent that they rely on the term "then" to suggest that the allegations take place in the sequence set forth in the Complaint which they do not. Defendant admits that the remaining allegations of this paragraph, but notes only Fellers grew heated.

41. Admitted.

42. Defendant lacks sufficient information to admit or deny what Rash did or did not see or whether he attended the game with Fellers, although Fellers would later tell Lt. Lamy that he was to give his former in-laws a ride home based on this allegation. That statement to the officer appears to have been untrue.

43. Defendant admits that Rash took the wristband from Fellers's and put it on his wrist, after which Fisk and Desilets instructed him to either leave the game or take off the wristband, which he refused to do. Defendant lacks sufficient information to admit or deny the allegations that Mr. Foote filmed some of the interaction. Defendant admits that after an extended argument with various Defendant Fellers left the sidelines.

44. Defendant admits that Rossetti, the head referee, stopped play and observed that the Plaintiffs' dispute had been noticed by soccer players, causing him to stop the game. Defendant admits that during his discussion with spectators and school officials, Rossetti noted that Bow High School could forfeit the game rendering it ineligible for the playoffs if the wristbands were not removed and chastised Rash not to embarrass the kids. Defendant admits that Rash did eventually take off the wristband, although it appears that he did so only at the urging of other spectators and not in response to any statements by Rossetti or any other Defendant.

45. Defendant admits that after Rash removed his wristband the referee restarted the game which continued without further incident.

*Events in the Parking Lot after the Game*

46. Defendant lacks sufficient information to admit or deny whether Fellers actually watched the rest of the game from his car. He did, however, move his car to a more prominent position at which time he displayed a poster sporting the handwritten words as alleged in this paragraph.

47. Defendant lacks sufficient information to admit or deny precisely what Fellers observed regarding other vehicles but generally admits that cars bear bumper sticks and messages on a variety of political and social issues. Defendant denies that such bumper stickers include overtly discriminating or hateful speech.

48. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

49. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

50. Defendant admits that Fellers was not arrested but otherwise lacks sufficient information to admit or deny the allegations of this paragraph.

*The No Trespass Orders*

51. Admitted that Ms. Kelley's statement included the quotations provided.

52. Admitted.

53. Admitted.

54. Admitted. Further answering, the no trespass order specifically also provided that the order was only in effect until September 23, 2024.

55. Admitted that the order contained the cited language.

56. Admitted that the order contained the cited language.

57. Defendant denies that the no trespass order indicated that it could be extended even if Foote obeyed the order. Otherwise, admitted.

58. Admitted.

59. Admitted that the two orders are substantially similar.

60. Admitted that the order contained the cited language.

61. Admitted that the order contained the cited language.

62. Admitted.

63. Defendant admits that the Superintendent issued an Addendum addressing concerns Fellers had raised about the impact of the order, which Addendum speaks for itself.

7

64. Admitted.

65. Defendant admits that the Superintendent issued a second Addendum addressing concerns Fellers had raised about the impact of the order, which Addendum speaks for itself.

66. Admitted.

*The Immediate Impact of Defendant's Actions on Plaintiffs*

67. Defendant lacks sufficient information to admit or deny whether Mr. Foote obeyed all aspects of the no trespass order but admits that he did not attend the Homecoming Game on September 20.

68. Defendant admits that the Footes attended the soccer game on September 24, but lacks sufficient information to admit or deny whether they wore wristbands to the game. Defendant admits that other people were protesting the game by wearing pink wristbands and generally protesting. Defendant denies that there was no disruption as the protestors were a distraction during the game.

69. Defendant lacks sufficient information to admit or deny the allegations of ¶69.

70. Defendant lacks sufficient information to admit or deny the allegations of ¶70.

71. Defendant admits that under the terms of the No Trespass Order Fellers was not supposed to attend the Homecoming game on September 20. Defendant lacks sufficient information to admit or deny whether he actually attended.

72. Defendant admits that Fellers' children have afternoon sports practices but lacks sufficient information to admit or deny the remaining allegations of this paragraph.

*The Continuing Impact of Defendant's Actions on Plaintiffs*

73. Defendant lacks sufficient information to admit or deny the allegations of ¶73.

74. Defendant lacks sufficient information to admit or deny the allegations of ¶74.

75. Defendant lacks sufficient information to admit or deny the allegations of ¶75.

76. Defendant lacks sufficient information to admit or deny the allegations of ¶76.

77. Defendant lacks sufficient information to admit or deny the allegations of ¶77.

78. Defendant lacks sufficient information to admit or deny the allegations of ¶78.

79. Defendant lacks sufficient information to admit or deny the allegations of ¶79.

80. Defendant lacks sufficient information to admit or deny the allegations of ¶80.

81. Defendant lacks sufficient information to admit or deny the allegations of ¶81.

82. Defendant lacks sufficient information to admit or deny the allegations of ¶82.

83. Defendant lacks sufficient information to admit or deny the allegations of ¶83.

84. Defendant lacks sufficient information to admit or deny the allegations of ¶84.

85. Defendant lacks sufficient information to admit or deny the allegations of ¶84.

## COUNT ONE
## VIEWPOINT DISCRIMINATION
## AS-APPLIED CHALLENGE TO SCHOOL POLICIES
## U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

86. The Defendant repeats the answers set forth in paragraphs 1-85 as if fully set forth herein.

87. This paragraph is a statement of law to which no response is required.

88. This paragraph is a statement of law to which no response is required.

89. This paragraph is a statement of law to which no response is required.

90. Defendant admits that the basis for the District's actions include reliance on the policies cited.

91. This paragraph is a statement of law to which no response is required.

92. Defendant admits that attendees are permitted to silently express non-discriminatory political viewpoints through their apparel. Defendant denies the remaining allegations of this paragraph.

93. Defendant admits that each District Defendant acted under color of law but denies all further allegations of this paragraph.

## COUNT TWO
## CONSPIRACY TO VIOLATE FIRST AMENDMENT RIGHTS
## U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

94. Defendant repeats the answers set forth in paragraphs 1-93 as if fully set forth herein.

95. This paragraph is a statement of law to which no response is required.

96. Defendant admits that based on the information received by the District, the District discussed their obligations to prevent harassment of 15-year old Parker Tirrell, Defendant denies the remaining allegations of this paragraph.

97. Defendant admits that Rossetti stopped the game in response to Fellers and Rash's activities, which could have caused Bow to forfeit the game. Defendant Rossetti announced that he would restart the game after Mr. Rash had complied with the urging of his fellow spectators to remove his arm band. Defendant denies all further allegations of this paragraph.

98. Denied.

99. Denied.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to the Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**

Defendant is immune from liability from Plaintiffs' federal claims pursuant to Qualified Immunity and/or under *Monell v. Dept. of Social Services of New York*.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are the result of the actions of the Plaintiffs and/or third parties for whom Defendant is not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs request for injunctive relief is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith at all times.

Defendant reserves the right to supplement the defenses as discovery continues.

Respectfully submitted,

MICHAEL DESILETS

By his attorneys,

CULLEN COLLIMORE SHIRLEY PLLC

Dated: October 21, 2024    /s/ Brian J.S. Cullen
Brian J.S. Cullen, NH Bar 11265
Jonathan M. Shirley, NH Bar 16494
37 Technology Way, Suite 3W2
Nashua, NH 03060
(603) 881-5500
bcullen@cullencollimore.com
jshirley@cullencollimore.com

## **CERTIFICATE OF SERVICE**

  I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  October 21, 2024        /s/ Brian J.S. Cullen
                 Brian J.S. Cullen