UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kyle Fellers, Anthony Foote, Nicole Foote, and Eldon Rash,<br><br>   Plaintiffs,<br><br>v.<br><br>Marcy Kelley, Michael Desilets, Matt Fisk, Bow School District, Philip Lamy & Steve Rossetti,<br><br>   Defendants. | Case No. 1:24-cv-311-SM-AJ |

**DEFENDANT BOW SCHOOL DISTRICT'S
MOTION *IN LIMINE* TO PRESENT PROOF FIRST**

  NOW COMES Defendant Bow School District ("District"), through its attorneys Cullen Collimore Shirley PLLC, and respectfully files this Motion *in Limine* to have Defendants present their evidence first at the hearing scheduled for November 21 and 22, 2024. In support of this Motion, the District states as follows:

  1. Courts have wide discretion to determine the order in which parties adduce proof, and such determinations are reviewed only for abuse of discretion. *Geders v. United States*, 425 U.S. 80, 86 (1976). Here, Defendants should be the first to present evidence at the November hearing.

  2. Altering the order of proof for the November hearing is consistent with the burden shift that arises for First Amendment claims. As Plaintiffs have already conceded, it will be the District's burden at the upcoming hearing "to justify its restriction on speech under the appropriate constitutional standard." Doc. 15 at 10 (citing *Comcast of Me./New Hampshire, Inc. v. Mills*, 435 F. Supp. 3d 228, 233 (D. Me. 2019)).

1

3.     Notably, other courts have reordered the presentation of proof when resolving claims of constitutional violations.  The Court of Appeals for the First Circuit, for example, sustained a trial court's decision to have the government present its evidence first when hearing a motion to terminate a consent decree involving constitutional claims about conditions in Puerto Rico prisons.  *Morales Feliciano v. Rullán*, 378 F.3d 42, 57 (1st Cir. 2004).  Although the constitutional claims at issue had not triggered a burden shift to the government, the First Circuit still found the trial court's reordering of proof to be an appropriate exercise of discretion.  *Id*.  The trial court was already well versed in the conditions of the prison before the consent decree entered, so it made sense to hear first from the government on how prison conditions had changed after the consent decree had entered.  *Id*.

4.     A similar dynamic is at hand for the November hearing in this case.  The Court has already held a hearing on Plaintiffs' request for a temporary restraining order, so it is already aware of the speech that Plaintiffs assert has been wrongfully silenced by the District's policies.

5.     Therefore, it is more efficient for the Court to hear Defendants' evidence first about the policies that govern school-sponsored athletic events, the reasons for those policies, and why the policies are reasonable and (to the extent necessary) viewpoint neutral.  Given that the District will be carrying the burden of proof on this showing, it is all the more appropriate that it be allowed to go first in presenting evidence.

6.     Because the factual and legal basis for the relief requested is contained in the body of this Motion, no memorandum of law is filed in support.  LR 7.1(a)(2).

7.     The District sought the concurrence of Plaintiffs to the relief requested by this Motion.  Plaintiffs do not assent.  LR 7.1(c).

WHEREFORE, the District respectfully requests this Honorable Court:

A.  Order that Defendants present their proof first at the November hearing; and

B.  Grant such other and further relief as this Court deems just and equitable.

                                      Respectfully submitted,

                                      BOW SCHOOL DISTRICT

                                      By its attorneys,

                                      CULLEN COLLIMORE SHIRLEY PLLC

Dated:  November 1, 2024              /s/ Brian J.S. Cullen
                                                      Brian J.S. Cullen, NH Bar 11265
                                                      Jonathan M. Shirley, NH Bar 16494
                                                      37 Technology Way, Suite 3W2
                                                      Nashua, NH 03060
                                                      (603) 881-5500
                                                      bcullen@cullencollimore.com
                                                      jshirley@cullencollimore.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  November 1, 2024              /s/ Brian J.S. Cullen
                                                      Brian J.S. Cullen