UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kyle Fellers, Anthony Foote, Nicole Foote, and Eldon Rash,<br><br>   Plaintiffs,<br><br>v.<br><br>Marcy Kelley, Michael Desilets, Matt Fisk, Bow School District, Philip Lamy & Steve Rossetti,<br><br>   Defendants. | Case No. 1:24-cv-311-SM-AJ |

**DEFENDANT BOW SCHOOL DISTRICT'S
MOTION *IN LIMINE* TO PRESERVE DEFENDANTS' JURY TRIAL RIGHT**

  NOW COMES Defendant Bow School District ("District"), through its attorneys Cullen Collimore Shirley PLLC, and respectfully submits this Motion *in Limine* to preserve Defendants' jury trial right. In support of this Motion, the District states as follows:

  1. Where equitable and legal claims joined in a lawsuit raise similar factual issues, the equitable claims generally cannot be separated and tried first since the court's determination of the facts on the equitable claims could impair the objecting party's right to a full trial on the legal claims. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508-10 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479-80 (1962).

  2. As matters presently stand, this rule likely renders it impossible for the November hearing to combine Plaintiffs' request for preliminary injunctive relief with a trial on the merits without sacrificing Defendants' jury trial right. Indeed, Rule 65 recognizes the need to preserve a party's jury trial right when combining a hearing on preliminary injunctive relief with a trial on the merits. Fed. R. Civ. P. 65(a)(2).

1

3. Plaintiffs assert that the District's policies governing conduct at school-sponsored athletic events infringe their First Amendment rights and they demand preliminary and permanent injunctive relief as well as compensatory and nominal damages. By their Amended Complaint, Plaintiffs have expanded their "as applied" First Amendment claims, added a First Amendment retaliation claim, and reaffirmed their conspiracy claim. Defendants, for their part, have answered the Amended Complaint and requested a jury trial.

4. If the Court holds a trial on Plaintiffs' request for permanent injunctive relief later this month as indicated at the TRO hearing (and before the filing of the Amended Complaint), it will be compelled to decide facts that a jury would also need to decide to resolve Plaintiffs' claims for damages. For example, the Court would decide the District's intent when it stopped Plaintiffs' protests during the September 17 game and issued no trespass orders to Fellers and Foote. *See Cornelius v. NAACP Legal Defense and Education Fund, Inc.*, 473 U.S. 788, 812-13 (1985) (remanding question of whether government excluded respondents because it disagreed with respondents' viewpoint); *see also* Transcript for Hearing on October 8, 2024 at 71 ("I expect to hear evidence on context, on intent, on effect, on purpose …"). The Court would also need to render a decision on the fact question of whether a conspiracy exists between Defendants. *See, e.g., Gomez v. Garda CL Great Lakes, Inc.*, 76 F.Supp.3d 788, 794 (N.D. Ill. 2014) (discussing conspiracy claim as creating question of fact).

5. If Plaintiffs want the injunction hearing to be a trial on the merits, they need to simplify their case and dismiss their damages claims. Absent this change, the upcoming hearing must necessarily be limited to addressing only Plaintiffs' request for preliminary injunctive relief. *Marshak v. Tonetti*, 813 F.2d 13, 16, (1st Cir. 1987) ("if issues of fact are common to both legal and equitable claims and a jury has been demanded on the issues material to the legal claim, a jury

must be permitted to determine these issues prior to decision of the equitable claim") (internal quotations and citations omitted).

6. Because the factual and legal basis for the relief requested is contained in the body of this Motion, no memorandum of law is filed in support. LR 7.1(a)(2).

7. The District sought the consent of Plaintiffs to this Motion. Plaintiffs do not assent. LR 7.1(c).[1]

WHEREFORE, The District respectfully requests this Honorable Court:

A. Absent Plaintiffs' waiver of damages, preserve Defendants' jury trial right by limiting the November hearing to Plaintiffs' request for a preliminary injunction; and

B. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

BOW SCHOOL DISTRICT

By its attorneys,

CULLEN COLLIMORE SHIRLEY PLLC

Dated: November 4, 2024

/s/ Jonathan M. Shirley
Brian J.S. Cullen, NH Bar 11265
Jonathan M. Shirley, NH Bar 16494
37 Technology Way, Suite 3W2
Nashua, NH 03060
(603) 881-5500
bcullen@cullencollimore.com
jshirley@cullencollimore.com

---

[1] The parties have exchanged proposals for allowing the November hearing to go forward as a trial on the merits. No agreement has been reached yet, and it is uncertain further discussion will yield an agreement. The District files this Motion to preserve the issue.

## **CERTIFICATE OF SERVICE**

      I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  November 4, 2024                    /s/ Jonathan M. Shirley
                                                           Jonathan M. Shirley