# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KYLE FELLERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MARCEY KELLEY, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-311-SM-AJ |

### ASSENTED TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT DROPPING COMPENSATORY DAMAGES

Pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1, Plaintiffs submit this assented-to motion for leave to file their Second Amended Complaint (attached as Exhibit A, with a redline attached as Exhibit B),[1] in order to eliminate all of Plaintiffs' claims for compensatory damages and reduce the claims for nominal damages to one dollar owing to each Plaintiff, for a maximum of four dollars.

Plaintiffs seek this amendment in order to (1) simplify the case, (2) eliminate all jury triable issues, and (3) respond to the Court's concerns voiced at the Oct. 8 hearing about the presence of damages claims.[2] As will be more fully briefed in a separately filed motion to re-instate the hearing on the merits, the Seventh

---

[1] In the interest of brevity and avoiding duplication, Plaintiffs did not attach Exhibits A-J to the proposed amended complaint. Those have all been filed twice already and would not change.

[2] Plaintiffs first proposed amending to drop the compensatory damages and reduce the nominal damages on Oct. 31, during email discussions with Defendants, in which both sides "exchanged proposals for allowing the November hearing to go forward as a trial on the merits." See Dkt. 46 at 2 n.1. The Bow S.D. Defendants, however, declined Plaintiffs' proposal to eliminate all jury triable issues in return for retaining the hearing on the merits, and instead filed their motion in limine.

Amendment provides a jury trial right for civil cases only "where the value in controversy shall exceed twenty dollars." Eliminating compensatory damages and reducing nominal damages to well under twenty dollars will reduce the number of factual issues that remain to be determined and also make all issues in this case triable to the Court, without a jury, whether at the preliminary injunction hearing set for Nov. 21-22, 2024, or at a subsequent hearing or bench trial.

Notwithstanding the elimination of compensatory damages, Plaintiffs wish to continue to pursue nominal damages because, as has been recently reaffirmed by the Supreme Court, those damages serve an important role in securing civil rights. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) ("Because every violation of a right imports damage . . . nominal damages can redress Uzuegbunam's injury even if he cannot or chooses not to quantify that harm in economic terms.") (cleaned up).

All counsel for the remaining defendants have indicated via email that they do not oppose Plaintiffs' proposed amendment to the complaint. While Plaintiffs could have filed this Second Amended Complaint by consent of the parties (*see* Fed. R. Civ. P 15(a)(2)), in an abundance of caution, and to provide timely notice to the Court, Plaintiffs have opted to file this assented-to motion instead. We request that the Court grant our motion as soon as possible and before the Nov. 21-22 hearing.

| | |
|---|---|
| Dated: Nov. 7, 2024 | Respectfully submitted, |
| /s/ *Endel Kolde* | By:  /s/ *Richard J. Lehmann* |
| Endel Kolde* | Richard J. Lehmann |
| DC Bar No. 1782129 | New Hampshire Bar No. 9339 |
| Brett R. Nolan* | LEHMANN MAJOR LIST, PLLC |
| DC Bar No. 90014964 | 6 Garvins Falls Rd, |
| Nathan Ristuccia*[3] | Concord, NH 03301 |
| Virginia Bar No. 98372 | 603.731.5435 |
| INSTITUTE FOR FREE SPEECH | rick@nhlawyer.com |
| 1150 Connecticut Avenue, N.W. | |
| Suite 801 | |
| Washington, DC 20036 | |
| 202.301.3300 | |
| dkolde@ifs.org | |
| bnolan@ifs.org | |
| nristuccia@ifs.org | |

\* Pro hac vice

---

[3] Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).