## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KYLE FELLERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MARCEY KELLEY, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-311-SM-AJ |

## OPPOSITION TO MOTION IN LIMINE TO TAKE JUDICIAL NOTICE OF FINDINGS IN *TIRRELL V. EDELBLUT*

Plaintiffs object to Defendant Bow School District's motion in limine to take judicial notice of findings made in *Tirrell v. Edelblut*, Case No. 24-cv-251, 2024 U.S. Dist. LEXIS 162185 (D.N.H. Sept. 10, 2024). Of the twenty-one factual findings described in Defendant's motion, only three are the proper subject of judicial notice. The remaining eighteen facts do not qualify. Still, Plaintiffs are willing to stipulate to eight of those facts (identified below), while reserving the right to object to their relevance.[1]

Courts can take judicial notice of a fact only when it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). That requires one of two circumstances: Either the fact "is generally known within the trial court's territorial discretion," or the fact

---

[1] Defendants provided Plaintiffs with their list of proposed factual findings only 45 minutes before filing their motion in limine, even though Plaintiffs had asked for this information several weeks earlier. Plaintiffs thus did not have an opportunity to review the proposed factual findings before Defendants filed their motion.

"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Because "[t]he key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials," courts may "dispens[e] with traditional methods of proof only in clear cases." Fed. R. Evid. 201 advisory committee's note to 1972 proposed rule. Most of Defendant's proposed facts do not meet these mandatory criteria.

For a fact to be "generally known," it must "exist in the unaided memory of the populace," so that if "the fact is one that a reasonable person would not know from memory," without looking it up, it cannot be "generally known." *United States v. Bello*, 194 F.3d 18, 23 (1st Cir. 1999) (citation omitted). It is unlikely that an ordinary New Hampshire citizen would have any unaided knowledge at all about topics such as the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, the prevailing treatment standards for gender dysphoria, or Parker Tirrell's personal medical history and extracurricular activities. Even defendants seemingly concede that the findings at issue do not qualify as "generally known." *See* Dkt. 39 at 4 (quoting only from Fed. R. Evid. 201(b)(2))

As for the second circumstance for proper judicial notice, a court can take judicial notice only of "facts which are not generally controversial" and thus cannot be questioned. *Bello*, 194 F.3d at 23. "A *high degree of indisputability* is an essential prerequisite." *Id.* (quoting Fed. R. Evid. 201 advisory committee's note). Geographic

locations, which can be found on official government maps, are one common example. *Id.* But any fact "subject to dispute" falls outside Rule 201(b).

Many issues pertaining to transgender ideology and medical care are disputed and will likely remain so for the foreseeable future. Indeed, the underlying events that gave rise to this lawsuit illustrate that New Hampshire residents disagree about including biological men in women's sports. That debate is ongoing, even if only one side is being censored in the Bow School District.

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (citation and internal quotation marks omitted). "Facts adjudicated in a prior case do not meet either the test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source." *Id.* at 70-71. Thus, any factfinding in "First Circuit cases" or other decisions "[cannot] be the subject of judicial notice." *Nadherny v. Roseland Prop. Co.*, 390 F.3d 44, 51-52 (1st Cir. 2004) (citing *Int'l Star Class*, 146 F.3d at 70-71).

That makes sense. "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examine, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under 201(b)." *Int'l Star Class*, 146 F.3d at 70 (citing Fed. R. Evid. 201(b) advisory committee notes). Asking a court to take judicial notice of facts

adjudicated in another proceeding involving other parties would sidestep the privity requirement for issue preclusion. *See Alston v. Town of Brookline*, 997 F.3d 23, 38 (1st Cir. 2021). So "[a]bsent unusual circumstances, a court may not take judicial notice of the findings of fact contained in another court's order." *MVM Inc. v. Rodriguez*, 568 F. Supp. 2d 158 (D.P.R. 2008) (quoting *Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 71); *see also Almeida-León v. WM Capital Mgmt.*, No. 3:16-cv-01394-JAW-BJM, 2019 U.S. Dist. LEXIS 79552, at *19 (D.P.R. May 8, 2019) (a court "cannot take as true another court's finding of facts") (collecting authorities).

Defendant argues that the district court's factfinding nevertheless meets the Rule 201(b) standard because those facts "are drawn from undisputed facts presented in support of Parker Tirrell's request for preliminary injunctive relief, or they are the court's legal conclusions." Dkt. 36 at 4. But that only makes matters worse. The factual findings and legal conclusions were *preliminary*—not even a final adjudication of the issues. And for whatever reason (strategic or otherwise) the defendants in *Tirrell* chose not to dispute the facts. That means the district court did not even need to consider the reliability of the underlying evidence when making its adjudication. Thus, the district court's preliminary factfinding is not based on sources "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Consider the *Tirrell* court's factfinding about treating gender dysphoria. The district court relied on the World Professional Association for Transgender Health ("WPATH") to make findings about the "prevailing standards" of care. *Tirrell*, 2024

U.S. Dist. LEXIS 162185, at *6. But WPATH's credibility has recently been subjected to scrutiny because of allegedly undisclosed conflicts of interest and data manipulation. *See, e.g.*, Multistate Amicus Brief at 24-32, filed in *United States v. Skrmetti*, 23-477 (U.S.), available at https://perma.cc/X3QX-ZXZ5. Whether those allegations are true does not matter here. What matters is these kinds of factual findings are not based on information "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). They have been reasonably questioned in other litigation.

The same goes for the many facts the district court in *Tirrell* found about the plaintiff. Those findings are based on declarations from lay and expert witnesses. *See* Declarations attached in support of motion for preliminary injunction, ECF Nos. 7-3, 7-4, 7-5, & 7-6, *Tirrell v. Edelblut*, Case No. 24-cv-251 (D.N.H.). Witness testimony can be disputed with "rebuttal evidence" and "cross-examin[ation]." *Int'l Star Class*, 146 F.3d at 70. And the defendants' choice in *Tirrell* not to dispute the plaintiffs' factual allegations does not transform those allegations into unquestionable truths that bind non-parties in other litigation.

While the majority of Defendant's proposed factual findings are not properly subject to judicial notice, three are. Plaintiffs agree the Court can take judicial notice of the facts contained in paragraphs s, t, and u. The Court can take judicial notice that New Hampshire enacted House Bill 1205 on July 19, 2024, because it is "well established that district courts may take judicial notice of state law." *United States v. Davila-Nieves*, 670 F.3d 1, 7 (1st Cir. 2012). For the same reason, Plaintiffs

agree the Court can take judicial notice of what House Bill 1205 requires. And Plaintiffs agree the Court can take judicial notice that the district court granted Parker Tirrell a preliminary injunction for the reasons stated in that opinion. *See Int'l Star Class*, 146 F.3d at 70. Unlike the rest of Defendant's proposed findings, none of these facts require the Court accept the "truth of the matters asserted in other litigation." *Id.*

Finally, despite judicial notice being improper, Plaintiffs will stipulate to the existence, but not relevance, of the facts described in paragraphs a, c, d, e, f, j, k, and n,[2] in the interest of expediting the November 21-22 hearing, saving counsels' time, and promoting judicial efficiency.

Plaintiffs nevertheless disagree that the facts in these nine paragraphs are relevant, probative, or material to the scope of Plaintiffs' First Amendment rights to silently protest in a limited public forum by wearing pink wristbands bearing XX in order to express support for girls' sports and opposition to the inclusion of biological

---

[2] Those facts are: "a. The phrase 'gender identity' is an accepted medical term for a person's innate sense of gender . . . c. A transgender girl is a person who was born with a male anatomy but whose gender identity is female [a.k.a. biological male] . . . d. Transgender people experience a medical condition known as gender dysphoria . . . e. The condition is recognized in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders ("DSM-V") . . . f. Gender dysphoria results from a lack of alignment between one's birth sex and gender identity . . . j. Parker Tirrell is a fifteen-year-old transgender girl and sophomore at Plymouth Regional High School . . . k. Parker Tirrell has been diagnosed with gender dysphoria . . . n. In ninth grade, Parker played on the girls' soccer team at Plymouth Regional High School." Dkt. 39 at 3.

males in girls' sports. *See* Fed. R. Evid. 401. By stipulating to these facts, Plaintiffs do not waive any objection to the Court relying on these facts for its decision regarding the need for an injunction or any of Plaintiffs' other legal claims. Plaintiffs simply agree that Defendant need not take up everyone's time with proving up those facts.

Dated: November 9, 2024          Respectfully submitted,

*/s/ Endel Kolde*                By:     */s/ Richard J. Lehmann*
Endel Kolde*                             Richard J. Lehmann
DC Bar No. 1782129                       New Hampshire Bar No. 9339
Brett Nolan*                             LEHMANN MAJOR LIST, PLLC
DC Bar No. 90014964                      6 Garvins Falls Rd,
Nathan Ristuccia*[3]                     Concord, NH 03301
Virginia Bar No. 98372                   603.731.5435
INSTITUTE FOR FREE SPEECH                rick@nhlawyer.com
1150 Connecticut Avenue, N.W.
Suite 801
Washington, DC 20036
202.301.3300
dkolde@ifs.org
bnolan@ifs.org
nristuccia@ifs.org

* Pro hac vice

---

[3] Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).