UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kyle Fellers, et al.

    v.                                                   Case No. 24-cv-311-SM-AJ
                                                              Opinion No. 2024 DNH 096
Marcy Kelley, et al.

O R D E R

At the hearing on plaintiffs' motion for a temporary restraining order, held on October 8, the court scheduled a hearing for November 21 and 22, 2024, on the preliminary and permanent injunctive relief plaintiffs sought in their initial complaint and motion, documents 1 and 14. After the October 8 hearing, plaintiffs filed an expedited motion to set hearing-related deadlines for the November 21-22 hearing, which the court granted in part. Doc. no. 47. The court limited the November 21-22 hearing to the preliminary injunctive relief that plaintiffs sought in their motion, document no. 14. Id.

The limitation on the November 21-22 hearing was imposed because plaintiffs filed an amended complaint on October 22, 2024, document no. 35, that significantly broadened the scope of their claims and to avoid infringing on defendants' right to a jury trial on plaintiffs' compensatory damages claim.

Since then, plaintiffs filed an assented-to motion to file a second amended complaint, which omits their claim for

compensatory damages but otherwise retains the claims in the first amended complaint. Doc. nos. 35 & 48. Defendants filed motions in limine, and plaintiffs move to treat the November 21-22 hearing as a bench trial on the merits of their claims. The motions are addressed as follows.

A.  Assented-to Motion to File Second Amended Complaint

Plaintiffs move, with assent from defendants, to amend their first amended complaint to omit the claim for compensatory damages. In the absence of a claim for compensatory damages, there is no issue for a jury. The assented-to motion is granted. Plaintiffs shall file the second amended complaint that is now docketed as document no. 48-1 as a separate document.

B.  Motion to Hear Plaintiffs' Claims on the Merits

The court initially intended to hear plaintiffs' claims for injunctive and declaratory relief in the original complaint, document no. 1, and the motion for injunctive relief, document no. 14, together, on the merits, at the November 21-22 hearing. In response to plaintiffs' "expedited" motion for hearing deadlines, defendants noted that plaintiffs' damages claim entitled them to a jury trial, which might be compromised if factual findings were made related to issuance of a permanent

injunction. Doc. no. 36. Plaintiffs' second amended complaint, which omits the claim for compensatory damages but includes claims that were not pleaded in the original complaint and that broaden the scope of the relief requested, sets a different stage. Plaintiffs now ask the court to hear and decide all of their claims on the merits, including the new claims, at the November 21-22 hearing.

Plaintiffs add three new claims, and pages of additional allegations in the second amended complaint.[1] In the original complaint, plaintiffs alleged viewpoint discrimination in violation of the First Amendment and a conspiracy to violate plaintiffs' First Amendment rights. In the amended complaint, plaintiffs add a claim that, as applied to them, the school's policies are unreasonable restrictions in violation of the First and Fourteenth Amendments; a claim that defendants retaliated against them in violation of the First and Fourteenth Amendments; and a claim that the defendants' regulations are facially overbroad in violation of the First and Fourteenth Amendments. Doc. no. 48-1. Plaintiffs omit their claim for compensatory damages and now seek only nominal damages and an award of attorneys' fees and costs of suit.

---

[1] The complaint has grown from 27 pages to 40 pages.

3

Because the motion for injunctive relief, document no. 14, focused on plaintiffs' restrictions with respect to the girls' soccer season, that injunctive relief may well be moot, which is why the court directed the parties to address that issue at the hearing. The new claims and added scope of the second amended complaint will require different and additional preparation to address the new issues. For these reasons, the November 21-22 hearing will not afford sufficient time for the preparation that is necessary for a bench trial on the merits of the second amended complaint.

Therefore, the November 21-22 hearing remains limited to the injunctive relief sought by plaintiffs in their motion. Doc. no. 14. The parties shall address the issue of mootness first, with plaintiffs' arguing first, followed by defendants' counsel. If the court concludes that the relief sought in the motion (doc. no. 14) is not moot, the hearing on the plaintiffs' motion for injunctive relief, document no. 14, will proceed. Plaintiffs' expedited motion (document no. 49) is denied.

### C. Defendants' Motions in Limine

In their motions in limine, defendants ask that they be permitted to present evidence first at the November 21-22 hearing because of their burden on the First Amendment issues. They also move to have the court take judicial notice of certain

factual findings made in Tirrell v. Edelblut, 2024 DNH 072 (D.N.H. Sept. 10, 2024).[2] Before plaintiffs filed the second amended complaint, defendants also moved to preserve their right to a jury trial on the claim for compensatory damages, document no. 46, but that motion is now moot.

To date, plaintiffs do not object to defendants' proposed order of proof at the hearing. Defendants will proceed first on the First Amendment issues if the hearing continues to plaintiffs' request for a preliminary injunction. Plaintiffs do object to judicial notice of factual findings made by the court in Tirrell v. Edelblut.

In Tirrell v. Edelblut, the court granted a preliminary injunction in favor of plaintiffs to enjoin enforcement of a New Hampshire statute "prohibiting transgender girls (i.e., people who were born biologically male but who identify as female) from participating in girls' sports." Tirrell, 2024 WL 4132435, at *1. Defendants in this case ask that the court take judicial notice of 21 findings that the court made in Tirrell:

> **a**. The phrase "gender identity" is an accepted medical term for a person's innate sense of gender. 2024 DNH 073, at *2.
> **b**. Everyone has a gender identity, and it may or may not align with their biological sex or anatomy. Id. at *2-3.

---

[2] Tirrell v. Edelblut, No. 24-cv-251-LM-TSM, --- F.Supp.3d ----, ----, 2024 WL 4132435, at *6-7 (D.N.H. Sept. 10, 2024).

5

**c.** A transgender girl is a person who was born with a male anatomy but whose gender identity is female. <u>Id.</u> at *3.

**d.** Transgender people experience a medical condition known as gender dysphoria. <u>Id.</u>

**e.** The condition is recognized in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders ("DSM-V"). <u>Id.</u>

**f.** Gender dysphoria results from a lack of alignment between one's birth sex and gender identity. 2024 DNH 073, at *3.

**g.** Gender dysphoria is highly treatable, but if left untreated, it may result in anxiety or depression, eating disorders, substance abuse, and even suicide. <u>Id.</u>

**h.** Under prevailing standards, treatment for gender dysphoria generally involves some combination of (1) a social transition in which the person adopts a new name, pronouns, appearance, and clothing, and (2) medical or surgical interventions that allow the patient to live more consistently with their gender identity. <u>Id.</u>

**i.** Social acceptance of one's gender identity is critical to the successful treatment of gender dysphoria. 2024 DNH 073, *3.

**j.** Parker Tirrell is a fifteen-year-old transgender girl and sophomore at Plymouth Regional High School. <u>Id.</u> at *4.

**k.** Parker Tirrell has been diagnosed with gender dysphoria. <u>Id.</u> at *5.

**l.** Parker's treatment for gender dysphoria is to socially transition and live as a girl. Id.

**m.** This includes participating in girls' sports and using girls' facilities at school. <u>Id.</u>

**n.** In ninth grade, Parker played on the girls' soccer team at Plymouth Regional High School. 2024 DNH 073, at *6.

**o.** Most of Parker's friends are her teammates, and they have given Parker an important source of acceptance, belonging, and emotional support. <u>Id.</u>

**p.** Playing on a boys' soccer team is not a realistic option for Parker. <u>Id.</u>

**q.** Parker's health care providers have prescribed treatment requiring her to live and participate in the world as a girl. <u>Id.</u>

> **r**. Playing on a boys' soccer team would likely have adverse impacts on Parker's mental health and would exacerbate symptoms of gender dysphoria. Id.
> **s**. On July 19, 2024, New Hampshire enacted House Bill 1205 [hereinafter "HB 1205" or "the Act"]. 2024 DNH 073, at *8 (citing 2024 N.H. Laws Ch. 228 and RSA 193:41-:42).
> **t**. The Act requires for public schools or private schools whose students or teams compete against a public school, that "[a]thletic teams or sports designated for females, women, or girls, shall not be open to students of the male sex." Id.
> **u**. On September 10, 2024, the New Hampshire federal district court granted Parker Tirrell a preliminary injunction against the Commissioner of the New Hampshire Department of Education and other state actors from enforcing HB 1205 because Parker Tirrell is likely to show that the Act violates her constitutional right to equal protection under the law. 2024 DNH 073, at *13-36.

Doc. no. 39, at 2-4. Plaintiffs object to judicial notice of the requested findings except s, t, and u.

The court may take judicial notice of an adjudicative fact that is not subject to a reasonable dispute when the fact is "generally known within the trial court's territorial jurisdiction" or when the fact "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); Ortiz v. Sig Sauer, 596 F. Supp. 3d 339, 358 (D.N.H. 2022). Generally, courts may not take judicial notice of findings of fact contained in another court's order. Grayson v. Warden, 869 F.3d 1204, 1225 (11th Cir. 2017); Cruz-Acevedo v. Toledo-Davila, 660 F. Supp. 2d 205, 211 n.6 (D.P.R. 2009); 21B Fed. Prac. & Proc. Evid. § 5106.4 (2d ed.).

7

Courts "may take judicial notice of findings of fact from another court proceeding only if, among other requirements, the fact is not subject to reasonable dispute." Daniel v. Cook County, 833 F.3d 728, 742 (7th Cir. 2016).

Defendants make no argument that the court's findings for purposes of a preliminary injunction in Tirrell meet the requirements of Rule 201.  In particular, defendants have not shown that those findings are undisputed or are entitled to judicial notice despite the general rule against giving judicial notice to factual findings in another court proceeding.  As such, defendants have not carried their burden to support their motion.

The court will not give judicial notice to the factual findings in the court's order granting a preliminary injunction in Tirrell.  Because plaintiffs do not dispute the factual findings listed at s, t, and u, defendants may rely on those facts for purposes of opposing plaintiffs' motion for a preliminary injunction, document no. 14, at the November 21-22 hearing.

## Conclusion

For the foregoing reasons, the court grants plaintiffs' motion to file a second amended complaint (doc. no. 48), and plaintiffs shall file the second amended complaint (doc. no. 48-

8

1) as a separate document within three days from the date of this order. The court denies plaintiffs' expedited motion to hold a bench trial on the merits (document no. 49).

The court denies defendants' motion to preserve their right to a jury (document no. 46) as moot. The court grants defendants' motion to present their evidence first (document no. 38), as provided in this order, if necessary. The court denies defendants' motion to take judicial notice of facts found in <u>Tirrell v. Edelblut</u> (document no. 39).

At the conclusion of the motion hearing on November 21-22, the court will consult with counsel to set a pretrial schedule, including a date for a bench trial. <u>See</u> Rule 16.

SO ORDERED.

                                              _____
                                              Steven J. McAuliffe
                                              United States District Judge

November 13, 2024

cc:  Counsel of Record