UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KYLE FELLERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARCEY KELLEY, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-311-SM-AJ |

**MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO ALTER THE ORDER OF PROOF**

Plaintiffs move to reconsider the order granting Defendant Bow School District's motion in limine to alter the order of proof, allowing Defendants to present their evidence first at the upcoming November 21-22 hearing, because the Court's order contradicts its prior order resolving this issue and was granted without the benefit of input from Plaintiffs.

In its most recent order, the Court stated that "[t]o date, plaintiffs do not object to defendants' proposed order of proof at the hearing." Dkt. 51 at 5. But Plaintiffs' deadline to object is not until November 15, 2024. And, importantly, *the Court had already ruled after Defendants' filed their motion that the Plaintiffs' will present first during the evidentiary hearing.* Dkt. 47 at 2 ("Should an evidentiary hearing prove necessary, presentation of evidence will be in the usual order – plaintiffs then defendants (though the parties are of course free to consent to proffers in lieu of live testimony)."). The Court should reconsider and reverse its order granting Bow School District's motion because the district has not articulated any persuasive

reason why the usual order of proof should be altered and Plaintiffs reasonably relied on this Court's prior order resolving this issue.

Courts should exercise their "reasonable control over the mode and order of examining witnesses and presenting evidence" in order to "(1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Decisions regarding the management of the trial calendar are reviewed for abuse of discretion and reversed when they result in undue prejudice. *Loinaz v. EG&G, Inc.*, 910 F.2d 1, 6-7 (1st Cir. 1990). Because "the general rule is that a party should be able to present his case and order that case as he sees fit" and "[t]he dynamics of a party's presentation may be compromised" when the normal order of proof is altered, Courts must "articulate [] persuasive reasons" why a particular "order of proof would harm the court." *Id.* at 9.

First resolving an issue in favor of a party—thereby taking an issue off the table— and then later reversing that order because that party did not weigh in with a response after the Court had already ruled, does not meet this standard. Indeed, doing so raises due process concerns. Defendant also does not provide persuasive reasons to alter the usual order of presentation.

Bow School District asserts there are two reasons why they ought to present evidence before Plaintiffs' case-in-chief. First, Bow claims that this Court "is already aware of the speech that Plaintiffs assert has been wrongfully silenced by the District's policies," because the Court supposedly learned Plaintiffs' arguments and

evidence at the October 8 hearing on the temporary restraining order. Dkt. 38 at 2. Of course, that would be true of Defendants' argument and evidence as well. But neither party presented oral testimony at the October hearing. *See generally* Dkt. 24 (Transcript for October 8, 2024, hearing). Rather, both parties submitted multiple declarations and exhibits to this Court prior to the October hearing. *See, e.g.*, Dkt. 22-1; Dkt 22-2; Dkt. 22-7. And both parties argued at length before the Court about why the evidence did, or did not, entitled Plaintiffs to injunctive relief.

If this Court is already so well-versed with Plaintiffs' arguments and evidence that it does not need to hear Plaintiffs' case-in-chief, then this Court is equally well-versed with Bow School District's arguments and evidence that it does not need to hear those, either. The Court, however, repeatedly stated that it found both Defendants' *and Plaintiffs'* evidence and legal arguments at the October hearing to be insufficient and scheduled the upcoming hearing on the preliminary injunction to allow both parties to develop their evidence and arguments further. *See* Dkt. 24 at 61:10-17; 63:11-23, 66:23-67:5, 72:6-16.

That makes this case different than *Feliciano*, cited by Defendants, see Dkt. 38 at 2, where the court had before it "a full evidentiary record, developed over many years" already "[a]t the beginning of the hearing." *Feliciano v. Rullan*, 378 F.3d 42, 57 (1st Cir. 2004). The "plethoric evidence was sufficient, if unrebutted, to support a finding that constitutional violations endured." *Id*. And so the court invited the defendants to present first to respond to the evidence already establishing liability. *Id*. This Court, on the other hand, has never suggested that the record already

3

supports a finding that Defendants' policies violate Plaintiffs' rights. Quite the opposite.

Second, Bow School District claims "it is more efficient for the Court to hear Defendants' evidence first" because Bow School District bears the burden of showing that its policies are reasonable and viewpoint neutral. Dkt. 38 at 2. But, as Plaintiffs argued in their TRO brief, "[o]nce Plaintiffs 'show that the state law infringes on their First Amendment rights,' the burden on a motion for preliminary relief shifts to the government to 'justify its restriction on speech under the appropriate constitutional standard.'" Dkt. 15 at 10 (quoting *Comcast of Me./New Hampshire, Inc. v. Mills*, 435 F. Supp. 3d 228, 233 (D. Me. 2019)). Bow selectively quotes Plaintiffs' brief in order to leave out the opening clause. *See* Dkt. 38 at 1.

The burden of proof shifts to the government to justify its speech restriction only when Plaintiffs establish a prima facie case that the government restriction violates the First Amendment. Perhaps Bow School District implicitly concedes in its motion in limine that Plaintiffs are presumptively entitled to a preliminary injunction. Yet Bow has repeatedly argued the contrary in their briefing, insisting there that Plaintiffs are not entitled to injunctive relief, even if the government restrictions are unconstitutional on the merits. *See* Dkt. 28 at 11-12; Dkt. 22 at 18-20. Bow School District cannot have it both ways.

Moreover, even if Bow School District now formally concedes Plaintiffs' prima facie case and presumptive entitlement to an injunction, altering the order of proof would save no time and be less effective in determining the truth of the claims. This

4

Court has asked Plaintiffs to develop the factual record about issues, such as Kyle Fellers' interactions with the Bow police, the presence or absence of targeting of Parker Tirrell, and the meaning of the wristband protest in context. Dkt. 24 at 11:18-22, 61:7-19; 62:22-63:12, 67:1-5. It is more effective for Plaintiffs to present evidence on these events before Defendants introduce evidence about the applications of their policies to Plaintiffs.

Regardless of who goes first, this Court should ensure that both parties receive adequate time to fully present their cases during the two-day hearing by imposing reasonable and equal time limits on both parties. Fed. R. Evid. 611 authorizes such reasonable time limits. *See, e.g.*, *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 795 (1st Cir. 1991); *United States v. Ackerly*, No. 16-10233-RGS, 2018 U.S. Dist. LEXIS 214336, at *2 (D. Mass. Dec. 20, 2018); *Matton v. White Mt. Cable Constr. Corp.*, 190 F.R.D. 21, 25 (D. Mass. 1999). Imposing time limits would do far more to avoid the wasting of time and to eliminate unjustifiable delay, than Bow's proposal of altering the order of proof would.

Bow School District has offered no persuasive reasons why following the normal order of proof would harm this proceeding. The normal order would be more efficient in time and more effective for determining the truth than the convoluted reversed order that Bow School District proposes. This Court should follow the usual order of proof at the Nov. 21-22 hearing and allow Plaintiffs to present their evidence first.

Dated: November 14, 2024　　　　　　　Respectfully submitted,

| | |
|---|---|
| */s/ Endel Kolde* | By:　*/s/ Richard J. Lehmann* |
| Endel Kolde* | Richard J. Lehmann |
| DC Bar No. 1782129 | New Hampshire Bar No. 9339 |
| Brett Nolan* | LEHMANN MAJOR LIST, PLLC |
| DC Bar No. 90014964 | 6 Garvins Falls Rd, |
| Nathan Ristuccia*[1] | Concord, NH 03301 |
| Virginia Bar No. 98372 | 603.731.5435 |
| INSTITUTE FOR FREE SPEECH | rick@nhlawyer.com |
| 1150 Connecticut Avenue, N.W. | |
| Suite 801 | |
| Washington, DC 20036 | |
| 202.301.3300 | |
| dkolde@ifs.org | |
| bnolan@ifs.org | |
| nristuccia@ifs.org | |

\* Pro hac vice

---

[1] Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).