UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kyle Fellers, Anthony Foote, Nicole Foote, and Eldon Rash,<br><br>Plaintiffs,<br><br>v.<br><br>Marcy Kelley, Michael Desilets, Matt Fisk, Bow School District & Steve Rossetti,<br><br>Defendants. | Case No. 1:24-cv-311-SM-AJ |

**DEFENDANT BOW SCHOOL DISTRICT'S REPLY TO PLAINTIFFS' POST-HEARING BRIEF**

The case law on which Plaintiffs rely for the crux of their position involve restrictions where the speech is indisputably directed at school officials <u>outside</u> the educational setting. *See*, e.g., *Moms for Liberty – Brevard County, Fla. v. Brevard Pub. Sch.*, 118 F.4th 1324, 2024 U.S. LEXIS 25394, at *16 (11th Cir. 2024) (speech at school board meetings); *McEhlhaney v. Williams*, 81 F.4th 550 (6th 2023) (speech texted to team coach); *Ison v. Madison Local Sch. Dist. Bd. of Educ.*, 3 F.4th 887 (6th Cir. 2021) (speech at school board meetings); *Marshall v. Amuso*, 571 F.Supp.3d 412 (E.D. Pa. 2021) (speech at school board meetings); *McBrieirty v. Sch. Bd. of RSU 22*, 616 F.Supp.3d 79 (D. Me. 2022) (speech at school board meetings). Plaintiffs cite no case law that addresses the very different issue presented here: whether a school may restrict speech <u>at a school event</u> where the school reasonably believes the speech risks disruption to the event or harm to students.

1

The District contends that resolution of this issue should track the framework established in school speech cases like *Tinker* and *L.M.*, where schools are afforded deference to decide whether speech in a school setting presents a risk of material disruption or interference with the rights of students. Under this framework, the District acted appropriately to bar Plaintiffs' protest at the September 17 soccer match because it reasonably viewed the protest as targeting Parker Tirrell and risked growing out of control.

For their part, Plaintiffs reject *Tinker* and *L.M.* as analytical guideposts because the cases dealt only with student speech, not adult speech. This distinction is superficial, however, because nothing in *Tinker* or *L.M.* suggests that the identity of the speaker factors in the analysis. Instead, it is the integrity of the educational setting that predominates as the rationale for vesting in schools the discretion to impose speech restrictions that would not survive scrutiny if applied in other settings.

Plaintiffs assert that even if *Tinker* and *L.M.* control the analysis, their wearing of armbands and holding of signs at upcoming school events are purely silent acts that are unoffensive and will likely go unnoticed. Plaintiff presented no evidence to support this optimistic assessment,[1] and allowing protests at future school events puts the District in an untenable position. The District will not necessarily know at which future school events transgender students will be present or participating, nor does the District have any

---

[1] Plaintiffs assert that the "XX" symbol is not exclusionary with respect to transgender female athletes, but they presented no evidence at the hearing showing this. The District, on the other hand, presented the testimony of Kelly and Fisk, each of whom testified about the symbol and why as school administrators they deem it to be exclusionary.

assurance that the number of "silent" protesters will be nominal, as Plaintiffs want to assume. The District should not be forced to endure tens or hundreds of so-called "silent" protesters who, just by sheer number of wristbands and signs, create an environment that is hostile to the educational setting of the event. This scenario is not far-fetched given that Moms for Liberty descended upon a Bow soccer match this fall to undertake their own protest after word spread about the events at the September 17 match.

In any event, even under a traditional forum analysis, the District's enforcement of its policies to bar Plaintiffs' protests at nonpublic or limited public school events is lawful. The District does not allow protests of any kind at school events and, for athletic events, it does not allow speech much beyond cheering. While these restrictions may not be content neutral, they are reasonable, and they are viewpoint neutral.

For these reasons, and for all the reasons stated in its opening and closing briefs, the District respectfully requests the Court deny Plaintiffs' request for a preliminary injunction.

                                        Respectfully submitted,

                                        BOW SCHOOL DISTRICT

                                        By its attorneys,

                                        CULLEN COLLIMORE SHIRLEY PLLC

Dated: January 30, 2025                  /s/ Brian J.S. Cullen
                                                        Brian J.S. Cullen, NH Bar 11265
                                                        Jonathan M. Shirley, NH Bar 16494
                                                        37 Technology Way, Suite 3W2
                                                         Nashua, NH 03060
                                                         (603) 881-5500
                                                         bcullen@cullencollimore.com
                                                         jshirley@cullencollimore.com

4

## **CERTIFICATE OF SERVICE**

      I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record. It is unchanged from the filing made on December 18, 2024, but for the date above and below.

Dated: January 30, 2025             /s/ Brian J.S. Cullen  
                                             Brian J.S. Culle